UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RENEE SHEDELBOWER** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO.** _____ |
| | ) | |
| **H-E-B GROCERY COMPANY, and** | ) | |
| **PARKWAY TRANSPORT, INC.** | ) | |
| | ) | |
| *Defendants.* | ) | **JURY TRIAL DEMANDED** |

---

## ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff, Renee Shedelbower, (hereinafter, referenced as "Plaintiff" or Ms. Shedelbower) by and through her undersigned attorneys of record, and, in accordance with the Federal Rules of Civil Procedure, files this, her Plaintiff's Original Petition against Defendants, H-E-B Grocery Company (sometimes referenced as "H-E-B") and Parkway Transport, Inc (sometimes referenced as "Parkway"), for cause of action, Ms. Shedelbower would show unto the Court the following:

## I.
### SUMMARY/ STATEMENT OF THE CASE

1.     This action arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA") pursuant to 29 U.S.C §629, Plaintiff filed an U.S. Equal

Employment Opportunity Commission (hereinafter, "EEOC") Charge of Discrimination[1] against Defendants for discrimination suffered on the basis of race, color, sex, disability, age, and retaliation under the Age in Employment Discrimination Act of 1976 and Title VI of the Civil Rights Act of 1964.

2.      Plaintiff has been personally discriminated against by H-E-B because of her race, color, sex, age, and disability; and further retaliated against her in a continuing and systematic manner until she was wrongfully terminated by H-E-B and her employer used pretextual reasons to fire Ms. Shedelbower.

## II.
### PARTIES

3.      PLAINTIFF, Renee Shedelbower, is an individual, that is citizen of the State of Texas.

4.      Defendants, H-E-B Grocery, is a Texas limited partnership, which may be served by delivering a copy of the summons and of the complaint to its registered agent Abel Martinez at 646 S. Main Ave., San Antonio, TX 78204.

5.      Defendants, Parkway Transport, Inc, is a Texas corporation, which may be served by delivering a copy of the summons and of the complaint to its registered agent 646 South Flores Street, North Building, Third Floor, San Antonio, TX 78204.

## III.
### JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction under 28 U.S.C § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, Title VI of the Civil Rights Act of 1964.

---

[1] See Exhibit No. 1, Charge of Discrimination, annexed hereto and incorporated by reference as if fully set forth herein.

7.    Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), or concurrent jurisdiction with Bexar County District Court because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

8.    On or about November 23, 2022, and within 180 days after Defendants' discriminatory acts which demonstrate a continual pattern, Renee Shedelbower timely filed an Amended Charge of Discrimination against Defendants with the appropriate administrative agencies, including the United States Equal Employment Opportunity Commission (hereinafter "EEOC") identified as charge number 451-2023-01213.

9.    On or about January 13, 2024, Plaintiff received Dismissal and Notice of Rights which denotes her right to File a Civil Action (hereinafter "Notice") from the EEOC[2].

10.    By filing a Charge of Discrimination, receiving Notice, and filing suit within ninety (90) days of receiving her Notice, Plaintiff has complied with all conditions precedent and exhausted all applicable administrative remedies required by the Federal Law and the Texas Labor Code prior to filing suit.

## IV.

## FACTS/ALLEGATIONS

11.    Plaintiff, Renee Shedelbower was an employee of H-E-B within the meaning of Title VII and the ADEA, ADAAA, ADA. The pattern of behavior by Defendants was from Plaintiff is still unemployed due to wrongful termination by the Defendants as of the date of the filing of this

---

[2] See Exhibit No. 2, Notice of Right to File Civil Action, annexed hereto and incorporated by reference as if fully set forth herein.

Petition, and is still suffering the effects of the Harassment, Discrimination, Retaliation Discrimination.

12.      Plaintiff, Renee Shedelbower was employed by H-E-B and/or Parkway Transport, Inc on or about February 2017 and worked for Defendants, H-E-B at Parkway Transport at the Kirby Location of H-E-B as a Safety Specialist. The time frame for the alleged TWCCRD and EEOC charge(s) of Discrimination and Retaliation Discrimination are continuing in nature. A continual pattern of behavior of discrimination by Defendants began in January of 2021 to January 14, 2023, when she was wrongfully terminated by Defendants.

13.    Plaintiff has been personally discriminated against by H-E-B and/or Parkway because of her race, color, sex, age, and disability; and further retaliated against her in a continuing and systematic manner until she was wrongfully terminated by H-E-B and/or Parkway and her employer used pretextual reasons to fire Ms. Shedelbower.

14.    Plaintiff claims that she was bullied, humiliated, degraded, belittled, insulted, frightened, and encountered inappropriate behavior that caused her to suffer intentional emotional damages at the hands of H-E-B and/or Paarkway. Plaintiff claims that the harassment started in January of 2021 and continued every day since until her wrongful termination.

15.    Defendants allowed discrimination to occur their employees called "H-E-B partners" to make fun of her age or "laughing at me for the way I spoke, humiliating me in front of other partners and drivers when I would help them out." When finishing up a phone call, she would be singled out by managers and other employees questioning her about the phone call and would be told what she did wrong and what to say next time. When asked about her job duties, she was repeatedly asked if certain things were done, and if they were not then she would get yelled at and demanded to know the work that had already been done.

16.    She was constantly criticized by her supervisors and other employees of Defendants after reporting the discrimination to H-E-B Human Resources and was always told that the work she was doing was wrong, therefore changing the policies and the workflow. Plaintiff in her affidavit even states, "When I missed work, I would get told that the work I had done, and was doing, did not matter" by her supervisors.

17.    Plaintiff reported to her supervisors the bullying by Beatrice Guerro, her immediate supervisor, on two separate occasions. Due to the seriousness of the complaint the department manager informed her they would be talking to her more about the issue, and investigating the harassment and retaliation which was being elevated to H-E-B Human Resources.  Instead, two weeks after her complaint, the person who was bullying her received a promotion and was named employee of the quarter. Afterwards, the way management interacted with Ms. Shedelbower became even more hostile, as did the methods of their communication. During that investigation period Ms. Shedelbower was asked by management if she had any witnesses that saw the bullying take place. She was later told that every witness that she to collaborate the events no longer worked for the company or had retired, and the complaint was dismissed and ignored thereafter.

18.    Because of the severity of the hostile work environment Plaintiff became physically and emotionally unwell and claims to be suffering from physical trauma, clinical depression, anxiety, anxiousness, traumatic stress, and sleep depression. Ms. Shedelbower has had to go on leave and after the wrongful termination and she has been unable to leave her home or work.

19.    Plaintiff went on FMLA and Medical Short-term and Long-term Disability. Upon the end of the term, she was contacted by Lena Trevino-Pena, Human Resources Manager, who stated that Plaintiff is to to contact her directly to apply for a position upon returning to work because Ms.

Shedelbower's position was no longer available. However, when she attempted to contact Lena Trevino-Pena several times Plaintiff never received a phone call back from her.

20.    Furthermore, even after multiple attempts to contact H-E-B, Plaintiff found herself terminated on January 14, 2023, without notice. Instead, Plaintiff discovered her termination on her own by noticing the removal of her email, password, and the internal communication server called "Teams". As a result she was no longer able to access the HR employee benefits system for COBRA or the continuation of benefits. Additionally, Plaintiff did not receive information on her retirement benefits nor her 401K with H-E-B.

## V.
## CAUSES OF ACTION

**FACTS / FACTUAL BACKGROUND AND ALLEGATIONS**
**THE LEGAL THEORIES AND FACTUAL BASIS IN THIS MATTER WHICH ARE**
**CONTAINED AND INCORPORATED IN THE EEOC FORMAL COMPLAINT AS IF**
**ATTACHED HEREIN; TO INCLUDE BUT NOT LIMITED TO: CLAIMANT AND ALL**
**PREVIOUS STATEMENTS, AFFIDAVITS AND DOCUMENTS PROVIDED IN EEOC**
**CHARGE 451-2021-0073 BY OR THROUGH PLAINTIFF OR DEFENDANTS.**

A.    FACTS OF DEFENDANTS'S DISCRIMINATORY ACTIONS TAKEN AGAINST PLAINTIFF UNDER TITLE VII.

20.    Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute. At the time of filing her Charge of Discrimination Renee Shedelbower was fifty-nine (59) years old, and female of Native American decent. Plaintiff's job title was Systems Specialist III., within the Defendants', H-E-B/ Parkway San Antonio Office. Ms. Shedelbower worked for Defendants for over six (6) years making approximately

FIFTY-TWO THOUSAND DOLLARS ($52,000.00) a year at the time when she was wrongfully terminated.

21.     Defendants are an employer within the meaning of Title VII, and are engaged in an industry affecting commerce. Defendant also has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Additionally, the Defendants have more than five hundred (500) employees.

22.     Plaintiff contends that H-E-B Human Resources Manager, Lena Trevino-Pena, and Supervisor Beatrice Guerro, both of Hispanic descent were hostile towards other ethnic minorities of non-Hispanic descent.

23.     By and through her Original Petition, Ms. Shedelbower pleads a prima facie case of national origin/race discrimination and contends:

    a).   that she is of Native American Descent origin and a protected class member; that she was qualified for the positions she held;

    b).   that she was terminated from a position for which she was otherwise qualified; and

    c).   members outside of her protected class were treated more favorably.

24.     By and through her facts section of her Original Petition and attached affidavit to her EEOC charge, plaintiff, Ms. Renee Shedelbower pleads a prima facie case of race discrimination and contends: To establish a prima facie case of race-based employment discrimination, the Plaintiff must show (1) she is a member of a protected class; (2) she was qualified for the position; (3) an adverse employment action occurred; (4) the employer gave

preferential treatment to a similarly situated employee who is not in the protected class under nearly identical circumstances.

25.     Plaintiff's supervisors are empowered by Defendants to take tangible employment actions against plaintiff. As senior supervisors, the Defendants' employees exercised supervisory authority over Plaintiff, to include but not limited to 1) the authority to fire plaintiff 2) the authority to reassign plaintiff to a position with significantly different responsibilities, the authority to significantly alter plaintiff's benefits. Defendants' employees ultimately did those very things by denying the plaintiff advancement, reassigning her to lesser positions, and creating a hostile work environment which leads to the ultimate termination of Plaintiff.

26.     Defendants' supervisors gave preferential treatment to persons under the age of Forty (40) who work as Safety such as Sabrina Reily (Caucasian, under the age of forty (40)) and Jennifer Mello (Hispanic under forty (40)). Defendants intentionally discriminated against Plaintiff because of her race in violation of Title VII by defendants, by taking away Plaintiff's duties, without any corrective or disciplinary written paperwork, and practicing acts of a discriminatory nature and intended to cause the plaintiff to be terminated from her position.

27.     Defendants are vicariously liable for Defendants' employee's discriminatory conduct. Defendants did not exercise reasonable care to prevent and promptly correct the discriminatory conduct, even though Plaintiff took advantage of Defendants' measures designed to prevent and correct discriminatory conduct such internal reporting through her employer.

28.     By and through her Original Petition, Ms. Renee Shedelbower pleads a prima facie case of retaliation and contends that she engaged in protected conduct and opposed unlawful

conduct; that she was terminated; and a causal connection exists between her protected conduct and his termination.

29.    Defendants used the following discriminatory employment practices, policies, and rules in violation of Title VII:   plaintiff's chain of command failed to abide not only Defendants own Human Resources Policy and Procedure but also dismissed other rules for hiring or employment actions. Although these practices, policies, and rules appear to be neutral, they serve to discriminate against a disproportionate number of persons of plaintiff's race and age.

30.    Defendants and defendants' employees created a hostile work environment through its discriminatory words and actions towards plaintiff because of plaintiff's race, age and retaliatory practices. This conduct was so severe that it altered the terms and conditions of plaintiff's employment and interfered with plaintiff's work performance and thereby created an intimidating, hostile, and offensive work environment.

B.    FACTUAL BACKGROUND FOR AGE DISCRIMINATION AND RETALIATION DISCRIMINATION CLAIMS

31.    The pattern of age Discrimination and Retaliation Discrimination is unmistakable. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute at the time of her filing a Charge of Discrimination was fifty-nine (59) years old, female of Native American decent. Plaintiff's job title is Systems Specialist III., within the Defendants, H-E-B/ Parkway San Antonio Office. She worked for defendants for over six years making approximately FIFTY-TWO THOUSAND DOLLARS ($52,000.00) a year when wrongfully terminated.

D.      AGE DISCRIMINATION

32.      By and through her Original Petition, Ms. Shedelbower pleads a prima facie case of age discrimination and contends:

a.      that she is over 40 years of age and a member of a protected class;

b.      that she was qualified for the positions she held;

c.      that she was discharged from positions for which she was otherwise qualified to hold; and

d.      that she was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of age. In this case, Ms. Shedelbower was replaced by a Hispanic male under the age of forty (40) years old.

33.      By and through her Original Petition, Ms. Shedelbower pleads a prima facie case of age discrimination and contends (1). that she is over 40 years of age and a member of a protected class; (2). that she was qualified for the positions she held; (3). that she was discharged (or suffered other adverse employment action from positions for which she was otherwise qualified to hold; and (4). that she was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of age.

34.      Plaintiff, Ms. Shedelbower by and through Plaintiff's Affidavit attached hereto this pleading as Exhibit No. 3, has asserted, she is a female, and is fifty-eight (58) years of age (now 61) making plaintiff a protected class.  See, Affidavit attached and incorporated herein as "Exhibit No. 3".

35. Plaintiff has asserted that she was qualified for the positions she held and had work experience for the work that plaintiff found within the company before wrongfully terminated by the defendants. Plaintiff has had countless employment opportunities within the company

but was passed over for a position for which she was otherwise qualified; and she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action.

36.    Younger members outside of her protected class were treated more favorably even though they had less seniority, were provided and/or issued new or better equipment, more training opportunities and ultimately another member outside of the protected class received the promotion with less seniority and less qualifications. Defendants hired an individual, male Hispanic under forty (40) years of age who was in younger than Plaintiff and for lower pay than the Plaintiff.

E.    Hostile Work Environment/Constructive Discharge

37.    Defendants created a hostile work environment in its words and actions of a supervisor, manager or coworker which negatively or severely impacted the PLAINTIFF'S work ability to complete her work. In order to establish a hostile work-environment claim, a PLAINTIFF must prove five elements: (1) the employee belonged to a protected class; (2) the employee was subject to unwelcome harassment; (3) the harassment was based on [the protected class]; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. Id. (citing *Shepherd v. Comptroller of Pub. Accounts of Tex.*, 168 F.3d 871, 873 (5th Cir. 1999) (footnote omitted)). Here, in this cause, Plaintiff is a male, and his age is fifty-eight (58) years old. The Plaintiff was subject to unwelcome harassment at the hands of Defendants'. The harassment was caused her demotion and forced retirement. The employer knew of the discriminatory action but failed to take action.

D.       DISABILITY DISCRIMINATION

38.       Plaintiff is a qualified individual with a disability under the ADA, the ADAAA, FFCRA and under Chapter 21 of the Texas Labor Code, in that she was at one time, while employed with the Defendants diagnosed with a major illness, and was on FMLA and short and long-term disability pay by defendants.   Although she was a qualified individual under the applicable statutes protecting disabled employees, she was subjected to discrimination within the meaning the applicable statutes, because of her disability.

39.       Alternatively, the Plaintiff was regarded as having a disability by the Defendants. The ADAAA fundamentally changed the "regarded as" disability standard.   Under the ADAAA, the employee will meet the test if he or she is subjected to a prohibited act because of an actual or a perceived physical or mental impairment whether or not the impairment actually limits or is perceived to limit a major life activity.   The defendants perceived the plaintiff as having an impairment and discriminated against her on that basis.

40.       Under the ADA and the ADAAA, but not under chapter 21 of the Texas Labor Code.

41.       Under Chapter 21, of the Texas Labor Code the Defendants is also liable for aiding, abetting, inciting, or coercing a person to engage in prohibited discrimination against a disabled employee.

43.       Each of the acts of discrimination by the DEFENDANTS caused PLAINTIFF to suffer actual damages for which she now brings suit.

E.       The Single Business Enterprise Doctrine and Shared Employee Doctrine

44.       The single business enterprise doctrine in Texas is used to impose liability on separate entities.   In Texas, this applies when a corporation is structured and organized in such a manner

that it functions merely as an adjunct, tool or business conduit of another company. The "single business enterprise" theory "applies whenever two corporations coordinate operations and combine resources in pursuit of the same business purpose." *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 452 (Tex. 2008). Respondent attempts to now divert, even after attending mediation as H-E-B and now states that H-E-B was not the employer even though all employment documents show work was performed at H-E-B sites, provided all equipment, provided her pay and controlled her working hours, etcetera. This company Parkway Transport, Inc. ("Parkway") is merely an amalgamation of H-E-B. Even the employer's October 2018 letter is from H-E-B Partner Service Center[3].

45.     In the alternative, H-E-B and Parkway are utilizing Ms. Shedelbower as a joint employee under the shared employee doctrine. U.S. labor and employment laws recognize that more than one entity can be responsible as an employer, even if there is only one "employer of record." One employer of record means only one entity holds itself out as the employer. Since Ms. Shedelbower worked for H-E-B and believed she worked for H-E-B not another entity, even if H-E-B was arguing that Ms. Shedelbower was an independent contractor provided to H-E-B by Parkway the general rule, a contract between parties which establishes an independent contractor relationship is determinative of the parties' relationship in the absence of extrinsic evidence indicating that the contract was a subterfuge or that the hiring party exercised control in a manner inconsistent with the contractual provisions.   See, *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 590, 592 (Tex.1964). The potential benefits to both employers and workers of the proper characterization of the working relationship raises the question, how is the legal determination made as to whether a worker is an employee or an independent contractor? Generally, the totality of the circumstances—that is, all the conditions under which a person is working—governs the characterization of that person as an employee or an independent contractor; the label a company places on the worker has no bearing on the matter. Again generally, a person is an employee if the employer has the right to control the person's work process, whereas a worker is classified as an independent contractor if the employer does not control the process, but dictates only the end result or product of the work. Note that the

---

[3] See, Exhibit No. 1 attached and incorporated herein as "Exhibit No. 1"

Renee Shedelbower's Original Petition
CF/0970-001-EL.

The Jakob Law Firm, P.C.

employer does not actually have to control the work process: the mere ability of the employer to take control is sufficient to create an employer-employee relationship.

46.     Moreover, if one examines each exhibit provided by H-E-B in its Position Statement it is important to notice each document provided by H-E-B indicates it is from H-E-B and devoid of any mention of "Parkway" (all logos, email, employee documents specifically state that it comes from H-E-B).

## VII.
## DAMAGES

47.     As a direct and proximate result of Defendants' conduct, plaintiff suffered the following injuries and damages in a sum within the jurisdictional limits of this court, including but not limited to:

a.     Plaintiff is derailed and blacklisted from future promotions resulting in actual damages in the form of lost wages in the past, loss of increases in future pay, lost promotions, loss of seniority, and lost benefits in the past and lost benefits in the future;

b.     Plaintiff has also suffered compensatory damages in the form of significant cost of the behavioral healthcare which she has had to incur and will continue to incur.  There is the financial loss of past and future promotions in the current workplace.  There is the loss of future pension proceeds in the event that she ever had to leave the employee of defendants because Plaintiff's situation becomes unbearable or untenable, in which case plaintiff will suffer loss of her retirement/pension benefits that match made by defendants into her retirement system pension plan and or 401K.

c.     Plaintiff seeks compensation for all damages, which include: loss of promotion; loss of seniority; loss of pension contributions commensurate with the higher salaries; loss of

seniority; loss of future earning raises, including loss of Social Security or other retirement

benefits from lost match contributions and benefits.

   d.  Plaintiff has suffered mental anguish and emotional distress for which she sues.

   e.  Reasonable attorney's fees, costs, and expenses of this action, including expert

witness costs;

   f  Pre-judgment and post-judgment interest at the highest rates allowed by law;

   g. Plaintiff seeks damages in an amount that is within jurisdictional limits of court;

and;

   i.  Such other and further relief, at law or in equity, as this Honorable Court may

find proper.

## VII.
## ATTORNEY FEES AND COSTS

48. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-

   5(k).

## XIII.
## PRAYER

49.      For these reasons, Plaintiff asks for judgment against Defendants for the following:

   a.  Affirmative action to hire, reinstate, or promote Plaintiff

   b.  Back pay;

   c.  Front pay;

   d.  Compensatory damages;

   e.  Prejudgment interest on lost wages and benefits and postjudgment interest on

      all sums, including attorney fees;

f.   Reasonable attorney fees;

g.   Costs of suit;

Respectfully submitted,

*Law Offices of:*

**THE JAKOB LAW FIRM, P.C.**
PNC Bank Tower- TETCO Center
1100 N E Interstate Loop 410, Suite 200
San Antonio, Texas 78209
Tel.:  (210) 226-4500
Fax:  (210) 226-4502
Email:  jjakob@thejakoblaw.com

By: _____

**JASON J. JAKOB, ESQ.**
State Bar No.  24042933
Email: jjakob@thejakoblaw.com
Attorney for Plaintiff,
**RENEE SHEDELBOWER**

PLAINTIFF REQUESTS TRIAL BY JURY

# EXHIBIT NO. 1



**The Jakob Law Firm, P.C.**
1100 NE Loop 410, Suite 200
San Antonio, Texas 78209
Telephone: (210) 226-4500
Telecopier: (210) 226-4502

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/13/2024

**To:** Renee Shedelbower
1916 CR 307
Floresville, TX 78114

Charge No: 451-2023-01213

EEOC Representative and email:   Joseph Riello
Federal Investigator
joseph.riello@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 451-2023-01213.

On behalf of the Commission,

*for*   Norma J. Guzman
Field Director

**Cc:**
Shauna Johnson Clark
Norton Rose Fulbright
1301 McKinney St Ste 5100
Houston, TX 77010

Kelly Satel
HEB
646 S Flores ST
San Antonio, TX 78204

Jason J Jakob
Jakob Law Firm PC
Tetco Tower 1100 NE Interstate Loop 410, Suite 200
San Antonio, TX 78209


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### How to Request Your Charge File and 90-Day Time Limit for Requests

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (01/22)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 451-2023-01213 to the Field Director at Norma J. Guzman, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 451-2023-01213to the Field Director at Norma J. Guzman, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.
You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.
For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

**are not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# EXHIBIT NO. 2



**The Jakob Law Firm, P.C.**
1100 NE Loop 410, Suite 200
San Antonio, Texas 78209
Telephone: (210) 226-4500
Telecopier: (210) 226-4502

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br><br>☑ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

|  | Texas Workforce Commission | and EEOC |
|---|---|---|
|  | *State or local Agency, if any* |  |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Renee Shedelbower | (210) 602-1094 | 06/20/1963 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1916 CR 307 | Floresville, Texas 78114 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| H.E. BUTT GROCERY COMPANY | 145,000 | (210) 938-8000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 646 S. Flores St | San Antonio, Texas 78204 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☑ RACE    ☑ COLOR    ☑ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN

☑ RETALIATION    ☑ AGE    ☑ DISABILITY    ☐ GENETIC INFORMATION

☑ OTHER (Specify)
Constructive Discharge

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest
On or about
Jan. 2021
☑ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

Please see attached Sworn Statement of Rene Shedelbower as Exhibit A.

JANA LITTLE
Notary Public, State of Texas
Comm. Expires 06-16-2026
Notary ID 133815200

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct.

11-23-2022          *Renee Shedelbower*
Date          Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)
*Jana N. Little*     11/23/2022

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT NO. 3



**The Jakob Law Firm, P.C.**
1100 NE Loop 410, Suite 200
San Antonio, Texas 78209
Telephone: (210) 226-4500
Telecopier: (210) 226-4502

STATE OF TEXAS      §
COUNTY OF BEXAR    §

### SWORN STATEMENT OF RENEE SHEDELBOWER

Before me the undersigned notary, on this day personally appeared Renee Shedelbower, a person whose identity is known to me. After I administered an oath to her, upon her oath she said:

1). "My name is Renee Shedelbower. I am the Charging Party in this case. I am over 18 years of age, fifty-nine years old, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are written within my personal knowledge and are true and correct;

2). "I work at Parkway Transport at the Kirby Location of H-E-B as a Safety Specialist. During this time, I have been bullied, humiliated, degraded, belittled, insulted, frightened, and encountered inappropriate behavior that was suffered at the hands of H-E-B. The harassment started on or about January of 2021; and has continued every day since. Even though I reported the bullying, discriminatory practices and harassment because of my age, sex, race, disability, to management the behaviors and harassment I complained of continued and progressively increased to make the working experience intolerable and subjecting me to retaliation for reporting the discriminatory practices.

3). "These acts of making fun or laughing at me for the way I spoke, for being Caucasian in a location primarily made up of Hispanic persons humiliating me in front of other partners and drivers when I would help them out. When finishing up a phone call, I would be questioned about the phone call and would be told what I did wrong and what to say next time not because I violated any policy or my recommendations were

---




incorrect but because I was different; being Caucasian, an older woman and making my mannerisms and speech different than those of my supervisors and fellow employees;

4). "I was always told that the work I was doing was wrong, changing the policies and the workflow against what was H-E-B's policy and procedures. When I missed work, I would get told that the work I had done, and was doing, did not matter. That I was old and obsolete and needed to retire or resign;

5). "While working at H-E-B I was bullied, degraded, insulted, belittled, and humiliated. I reported the bullying to my immediate supervisor on two separate occasions. Eventually, due to no action taken and the seriousness of the complaint the department manager informed me they would be talking to me more about the issue and investigating the harassment and retaliation. However, two weeks after my complaint, the person who was bullying and harassing me got a promotion and employee of the quarter. Afterwards, the way management interacted with me became even more hostile as did the methods of their communication;

6). "Because of the severity of the bullying, I'm undergoing emotional and physical trauma, clinical depression, anxiety, anxiousness, traumatic stress, and sleep depression;

7). "Because of the constant belittlement, bullying and discriminatory practices by my employer both my personal life and work life, have been miserable. I am not able to leave my home nor am I able to work. I have had to file for short-term disability and will shortly exhaust all my personal leave;

8). "H-E-B advertises that all partners must have a positive and respectful work environment, also while firmly committing to taking all steps to eliminate unprofessional conduct at the workplace or from the workplace. I had a conversation

SWORN STATEMENT OF RENEE SHEDELBOWER
L://2022-0970-EL/Shedelbower



with management; they asked me about any witnesses that saw the bullying taking place. Every witness that I gave to them I was told they no longer work for the company or have retired, and it was dismissed and ignored;

9). "While working for H-E-B, I loved and enjoyed my job very much, as I also enjoyed helping people. I did my job very well before the bullying and harassment began. I was mistreated unfairly by H-E-B and instead of treating me with dignity after all my years with the company I am being cast out with the attempt to preempt me from obtaining retirement and healthcare benefits in my senior years; and

"Further affiant sayeth not."

By: _____
**Renee Shedelbower**

Sworn to and subscribed to before me by Renee Shedelbower on this 23rd day of November 2022.

By: _____
Notary Public in and for
The State of Texas
My commission expires: 06-16-2026



JANA LITTLE
Notary Public, State of Texas
Comm. Expires 06-16-2026
Notary ID 133815200

SWORN STATEMENT OF RENEE SHEDELBOWER
L://2022-0970-EL/Shedelbower

RS

Page 3 of 3